*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
HOLIFIELD, GROSS, and DALY
Appellate Military Judges

_____

**UNITED STATES**
*Appellee*

**v.**

**Mohammad A. WADAA**
Sergeant (E-5), U.S. Marine Corps
*Appellant*

**No. 2023000273**

_____

Decided: 25 April 2024

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judges:
Matthew M. Harris

Sentence adjudged 27 July 2023 by a special court-martial convened at Marine Corps Base Camp Pendleton, California, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: confinement for 11 months, reduction to paygrade E-1, and a bad-conduct discharge.[1]

For Appellant:
*Lieutenant Commander Matthew A. Kozyra, JAGC, USN*

---

[1] Appellant was credited with having served 72 days of pretrial confinement.

Judge GROSS delivered the opinion of the Court, in which Chief Judge HOLIFIELD and Judge DALY joined.

———————————————

**PUBLISHED OPINION OF THE COURT**

———————————————

GROSS, Judge:

A special court-martial consisting of military judge alone convicted Appellant, consistent with his pleas, of two specifications of violating a lawful general order, in violation of Article 92, Uniform Code of Military Justice [UCMJ].[2]

Although Appellant submitted his case on the merits without assignment of error, we note that the Entry of Judgment [EOJ] in this case does not comply with Rule for Courts-Martial [R.C.M.] 1111(b)(1)(A) because it does not adequately summarize each specification of the charge. Although we find no prejudicial error, we take this opportunity to define what is required in an EOJ to provide guidance to the trial judiciary on an issue that all too frequently requires correction on appeal. We therefore take action in our decretal paragraph. In accordance with R.C.M. 1111(c)(2), we modify the EOJ and direct that it be included in the record.

## I. BACKGROUND

Appellant was charged with two specifications of violating a lawful general order. The first specification alleged that Appellant violated chapter 1, paragraph 4 of Marine Corps Order 5354.1F dated 20 April 2021 by knowingly and wrongfully advocating supremacist, extremist, ideology or causes. The second specification alleged that Appellant violated paragraph 4(a) of Marine Corps Bulletin 1020 dated 29 October 2021, by wrongfully having extremist tattoos. Appellant entered into a plea agreement with the convening authority [CA] and in exchange for the CA referring the charge and its specifications to a special court-martial, Appellant pleaded guilty as charged.

On 3 October 2023, the military judge signed the EOJ, and reflected the findings as follows:

Charge: Violation of the UCMJ, Article 92.

Plea: Guilty      Finding: Guilty

---

[2] 10 U.S.C. § 892.

Specification 1: Violation of a lawful general order – standards of conduct

Plea: Guilty        Finding: Guilty

Specification 2: Violation of a lawful general order – physical appearance

Plea: Guilty        Finding: Guilty

The Entry of Judgment then listed the sentence, including the segmented sentence, the limitations on sentence in the plea agreement, the action by the CA purporting to "approve[] [the sentence] as adjudged"[3] and the pretrial confinement credit ordered.

## II. DISCUSSION

An appellant is entitled to have a record of trial that is accurate and complete.[4] Whether a record of trial is accurate and complete is a question we review de novo.[5] In promulgating R.C.M. 1111(b), the President set forth the baseline for what an EOJ must include, which includes "a summary of each charge and specification." While R.C.M. 1111(b)(3) gives authority to the Secretary concerned to require additional information in the entry of judgment, the Secretary of the Navy has only stated in relevant part that EOJ "must include all items listed in R.C.M. 1111(b)."[6]

We must therefore determine whether the EOJ in this case, specifically the listing of the charge and specifications by the military judge complies with Article 60c, UCMJ and R.C.M. 1111. We start with the plain reading of the statute, noting that statutory interpretation starts, and often ends with the plain language of the statute or regulation in question. Here, Article 60c is silent as to the requirements of the exact contents of an EOJ, and instead leaves that determination for the President. The President did so in enacting R.C.M. 1111 and required a "summary of each charge and specification." It is the term "summary of each charge and specification" that and has caused the issue here. Nowhere in the UCMJ or Manual for Courts-Martial is the term "summary of each charge and specification" defined. Because the term "summary of

---

[3] The CA's action purported to approve the sentence as adjudged. We remind staff judge advocates of the major changes to the UCMJ on the authority of convening authorities to act on the findings and sentences in courts-martial. We note that in cases like this one, where the convening authority does not take any action authorized to reduce a sentence or set aside findings, the appropriate language is for the convening authority to take "no action" on the findings or sentence. See R.C.M. 1110.

[4] *United States v. Crumpley*, 49 M.J. 538 (N-M. Ct. Crim. App. 1998).

[5] *Id.*

[6] Manual of the Judge Advocate General, Judge Advocate General Instruction 5700.7G (JAGMAN) §0156 (1 December 2023).

each charge and specification" remains to some extent vague, we may next look to the legislative history to see if we can divine the legislative (or in this case regulatory) intent behind the enactment of Article 60c and implementation in R.C.M. 1111.

Article 60c is a relatively new provision in the UCMJ and arises from the seismic shift in military justice practice that was borne out of the Military Justice Act in National Defense Authorization Act (NDAA) of 2016 (MJA 16). Most of the amendments to the UCMJ contained within MJA 16 originated with the Military Justice Review Group.[7] Based on this Court's experience with numerous EOJs since the enactment of MJA 16, we note that there has been inconsistent documentation in Block 11 of the standardized EOJ Form.[8] Accordingly, we take the opportunity to set forth the sufficiently required standard within the Department of the Navy of what constitutes a "summary of each charge and specification" in an EOJ.

The concern of the MJRG in amending former Article 60 was to clarify and streamline the statutes governing post-trial processing of courts-martial.[9] The purpose of the entry of judgment is to terminate the court-martial at the trial level.[10] However, even though the MJRG recommended mandating an EOJ for every case, it too lacks sufficient clarity of what must be included in the EOJ other than stating that it should include "the findings and sentence, and would incorporate any relevant terms of a plea agreement."[11] However, the MJRG report explains the origin of the concept of the EOJ, that the " requirement for an entry of judgment is modeled after Fed. R. Crim. P. 32(k)."[12]

Unfortunately, Rule 32(k) only states, "[i]n the judgment of conviction, the court must set forth the plea, the jury verdict or the court's findings, the adjudication, and the sentence. If the defendant is found not guilty or is otherwise entitled to be discharged, the court must so order. The judge must sign the judgment, and the clerk must enter it." While Fed. R. Crim. P. 32(k) lacks specific direction for what must be included in an EOJ, reference to how Federal district courts have implemented this rule finally brings some clarity to the matter.

---

[7] *United States v. Hirst*, No. 202300208, __ M.J. ___, 2024 CCA LEXIS 134, at *2-3 (N-M Ct. Crim. App. Apr. 9, 2024) (Order).

[8] Block 11 of the standardized EOJ Form is entitled: "Findings of each charge and specification referred to trial."

[9] Dep't of Defense, Report of the Military Justice Review Group 560 (2015) (hereinafter MJRG Report).

[10] MJRG Report at 563.

[11] *Id.*

[12] *Id.* at 575.

The United States Federal Court system publishes model forms for pleadings, filings, and judgments on its website for use by the judiciary and practitioners. In U.S. Courts form AO 245B (Rev. 09/19) Judgment in a Criminal Case, the model EOJ requires the following to be listed: Title & Section; Nature of Offense; Offense Ended; and Count.[13] Drawing inspiration from this, we set forth the following requirements for EOJs in a criminal case in order to properly set forth a summary of the charges and specifications: 1) as already required, the Article of the UCMJ for each charge; 2) for each specification any subsection if applicable (so for example, as here, violation of a lawful general order); 3) the nature of the offense in the specification (in a case such as this, that will include the identification of the lawful general order including the paragraph of the order violated); and 4) the date of the offense.

Each of these requirements fulfills the requirement of a "summary" without a verbatim recitation of each specification. These requirements meet the minimum requirements and identify with specificity the disposition of each of the charges and specifications referred to trial. Specifying the lawful order and paragraph violated ensures that an EOJ is not insufficiently vague, just as specifying the subsection of the charged article identifies the gravamen of the offense. Here, the military judge's recitation of "standards of conduct" and "physical appearance" is so vague as to be misleading as to the findings of the court and does not sufficiently capture the gravamen of the Appellant's actions.[14]

Similarly, requiring the date of the offense in the EOJ will serve numerous benefits including signaling potential issues of statute of limitations, double jeopardy, and jurisdiction for reviewing authorities without in-depth resort to the record. Uniformity of practice will also ensure that each convicted service member has records that do not vary depending solely on the individual practices of trial judges.

## III. CONCLUSION

After careful consideration of the record, and Appellant not having challenged the factual sufficiency of the evidence, we have determined that the findings are correct in law, the sentence is correct in law and fact, and that no error materially prejudicial to Appellant's substantial rights occurred.[15]

---

[13]Available at https://www.uscourts.gov/forms/criminal-judgment-forms/judgment-criminal-case last visited 22 April 2024.

[14] We note that the Judge Advocate General in Dep't of the Navy, Judge Advocate General Inst. 5814.1D, *Post-Trial Processing*, [JAGINST 5814.1D], uses the word "gravamen" as the minimum requirement within an EOJ for purposes of explaining and defining the findings for each charge and specification. See Enclosure 6 to JAGINST 5814.1D.

[15] Articles 59 & 66, UCMJ, 10 U.S.C. §§ 859, 866.

The EOJ does not accurately reflect the disposition of the charges, in accordance with R.C.M. 1111(c)(2), as it fails to reflect the gravamen of the listed offenses. Therefore, we modify the Entry of Judgment and direct that it be included in the record.[16] Although we find no prejudice from this error, Appellant is entitled to courts-martial records that correctly reflect the content of his proceedings.[17]

The findings and sentence are **AFFIRMED**.

FOR THE COURT:

MARK K. JAMISON
Clerk of Court

---

[16] *Id.*

[17] *Crumpley*, 49 M.J. at 539; *United States v. Sutton*, 81 M.J. 677 (N-M. Ct. Crim. App. 2021).

# United States Navy–Marine Corps Court of Criminal Appeals

| | |
|---|---|
| **UNITED STATES** | **NMCCA NO. 20230273** |
| **v.** | **ENTRY**<br>**OF**<br>**JUDGMENT** |
| **Mohammad A. WADAA**<br>**Sergeant (E-5)**<br>**U.S. Marine Corps** | |
| *Accused* | *As Modified on Appeal* |
| | **25 April 2024** |

On 27 July 2023, the Accused was tried at Marine Corps Base Camp Pendleton, California, by a special court-martial, consisting of a military judge sitting alone. Military Judge Matthew M. Harris.

## FINDINGS

The following are the Accused's pleas and the Court's findings to all offenses the convening authority referred to trial:

**Charge:** **Violation of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892.**

> *Plea:* Guilty.
> *Finding:* Guilty.

**Specification 1:** **Violation of a lawful general order, Marine Corps Order 5354.1F Chapter 1, Paragraph 4, knowingly advocating supremacist, extremist, ideology or causes from 5 October 2021 to 2 July 2022.**

> *Plea:* Guilty.
> *Finding:* Guilty.

**Specification 2:** **Violation of a lawful general order, Marine Corps Bulletin 1020 of 29 October 2021 Paragraph 4(a), having extremist tattoos on 1 September 2022.**

> *Plea:* Guilty.

*Finding:* Guilty.

## SENTENCE

On 27 July 2023, a military judge sentenced the Accused to the following:

**Reduction to pay grade E-1.**

**Confinement**

*For Specification 1 of the Charge:*
    confinement for 11 months.

*For Specification 2 of the Charge:*
    confinement for 4 months.

The terms of confinement will run concurrently.

**Confinement for a total of 11 months.**

**A bad-conduct discharge.**

The Accused shall be credited with 72 days of pretrial confinement credit.

FOR THE COURT:

MARK K. JAMISON
Clerk of Court